[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10059
Non-Argument Calendar
_____

Agency No. A200-511-169

PAUL WASHINGTON SMITH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 19, 2013)

Before CARNES, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Paul Smith, a Jamaican national, petitions for review of the Board of Immigration Appeals' final order denying his applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). He also petitions for review of the BIA's denial of his motion to reconsider that final order.

## I.

Smith was originally admitted into the United States on a B-1 visitor visa and granted an authorization to remain until April 2008. In 2010, the Department of Homeland Security charged him as removable under 8 U.S.C. § 1227(a)(1)(B) for staying in the United States beyond that original authorization. Smith admitted DHS's allegations and conceded removability. While those removal proceedings were pending, he filed an application for asylum, withholding of removal, and CAT relief.

The IJ denied Smith's application and ordered him removed. The BIA then affirmed the IJ's findings and denied Smith's appeal. Instead of seeking review of the BIA's decision in this Court, Smith filed a motion asking the BIA to reconsider its decision in light of "newly submitted" evidence. The BIA denied that motion, finding that Smith had failed to demonstrate a factual or legal error in its earlier decision based on the record then before it. Smith had also failed to show that his new evidence, which was largely cumulative of his old evidence, was unavailable

2

at the time of his removal hearing.  Now, more than 30 days after the BIA issued its final order of removal, Smith petitions for review of that final order.

II.

We review de novo our subject matter jurisdiction.  Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007).  We review the BIA's denial of a motion to reconsider for abuse of discretion.  Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007).

A petition for review must be filed with the court of appeals no later than 30 days after the issuance of the BIA's final order of removal.  8 U.S.C. § 1252(b)(1); see Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350–51 (11th Cir. 2005).  The period for filing a petition for review is "mandatory and jurisdictional" and "not subject to equitable tolling."  Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quotation marks omitted).  The filing of a motion to reconsider neither affects the finality of the removal order nor tolls the 30-day period in which to petition for review.  Jaggernauth, 432 F.3d at 1350–51.  Because Smith petitioned for review of the BIA's final order more than 30 days after the final order's issuance, we lack jurisdiction to consider that part of his petition here.

As for Smith's challenge to the BIA's denial of his motion to reconsider, we have held that a motion to reconsider a BIA decision must specify the errors of law or fact in the original decision.  See Calle, 504 F.3d at 1329 (citing 8 C.F.R.

3

§ 1003.2(b)(1)).  A motion that merely reiterates earlier arguments fails to specify those kinds of legal or factual errors.  Calle, 504 F.3d at 1329.  Here, the BIA did not abuse its discretion in denying reconsideration because Smith merely reiterated arguments already presented to and considered by the BIA, failing to identify any specific errors of law or fact in its earlier decision.

**PETITION DISMISSED IN PART AND DENIED IN PART.**